Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 7150 | **DATE** | 8/2/2001 |
| **CASE TITLE** | D'Ancona & Plaum LLC vs. M2 Software, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. For the reasons set forth on the attached order, defendant's motion to dismiss for improper venue or alternatively to transfer (4-1,2) is denied. Defendant is directed to answer within 10 days of this order. The case is set for a status hearing on 8/29/01 at 9:30 a.m.

(11) ■ [For further detail see order attached to the original minute order.]

| | |
|---|---|
| | No notices required, advised in open court. |
| | No notices required. |
| | Notices mailed by judge's staff. |
| | Notified counsel by telephone. |
| ✓ | Docketing to mail notices. |
| | Mail AO 450 form. |
| | Copy to judge/magistrate judge. |

courtroom deputy's initials OR

Date/time received in central Clerk's Office

number of notices

AUG 0 6 2001 date docketed

docketing deputy initials

date mailed notice

mailing deputy initials

Document Number: 10

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

D'ANCONA & PFLAUM LLC,          )
                                )
         Plaintiff,             )
                                )
vs.                             )  Case No. 00 C 7150
                                )
M2 SOFTWARE, INC.,              )
                                )
         Defendant.             )

DOCKETED
AUG 0 6 2001

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Plaintiff D'Ancona & Pflaum LLC has brought this breach of contract action against defendant M2 Software, Inc. to recover for unpaid legal bills. M2 has moved to dismiss the complaint for improper venue in accordance with Fed. R. Civ. P. 12(b)(3) or alternatively to transfer the case to the Central District of California pursuant to 28 U.S.C. § 1404(a).

### Facts

D'Ancona is a law firm located in Chicago. M2, which has its principal place of business in California, develops, markets and sells music industry technology applications. In 1998, M2's president David Escamilla contacted Steven Baron, a member of D'Ancona, to discuss retaining the law firm in a trademark infringement action pending in California against Viacom International, Inc. In February 1999, Escamilla met Baron and other D'Ancona attorneys in Chicago to discuss the litigation. As part of their representation of M2 on the Viacom case, D'Ancona attorneys conducted discovery, prepared and filed briefs, and made arguments on M2's behalf in California. In June 1999, Escamilla asked D'Ancona to represent M2 in an action against Manmade Multimedia, Inc., a California-based company. D'Ancona filed a complaint in



the Central District of California, conducted discovery and filed a motion for summary judgment.

M2 made partial payment of D'Ancona's invoices on both trademark infringement cases. In February 2000, however, Escamilla contacted Baron and told him that M2 was unable to pay its outstanding balance of $337,794. After D'Ancona failed to collect on the outstanding invoices, it filed this action against M2.

M2 has moved to dismiss the complaint on the basis of improper venue, arguing that the material events, including formation of the contract, the two trademark infringement trials and the alleged breach of contract occurred in California. M2 alternatively seeks the transfer of the action to the Central District of California, arguing that it would suffer great inconvenience if it were forced to litigate in Illinois.

## Motion to Dismiss

Venue is proper in a district where "a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. §1391(a)(2). This standard does not require that the majority of the events pertaining to the case took place in the forum district. *TruServ Corp. v. Neff*, 6 F. Supp. 2d 790, 792 (N.D. Ill. 1998). In addition, venue under §1391(a)(2) can be proper in more than one district, as substantial portions of the relevant events may have occurred in more than one district. *Id.*

The parties dispute where the contract was formed and allegedly breached. M2 does not dispute, however, that D'Ancona normally received payment in Illinois. Failure to make payment in a district pursuant to a contract is enough under the statute to establish venue in that district. *TruServ*, 6 F. Supp. 2d at 792. Other activities which make Illinois an appropriate venue include Escamilla's solicitation of D'Ancona, his correspondence with the law firm, his meeting in Illinois with the firm's attorneys to discuss the litigation, and M2's sending of payments to

D'Ancona at its offices in Illinois. A substantial part of the events giving rise to the claim occurred in this District. M2's motion to dismiss for improper venue is denied.

## Motion to Transfer

A court may transfer a suit from a district where venue is proper "[f]or the convenience of parties and witnesses, in the interest of justice...to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). To prevail, the movant must prove "that the transferee forum is clearly more convenient." *Coffey v. Van Dorn Iron Works*, 796 F.2d, 217, 219-20 (7th Cir. 1986). Factors affecting convenience include "the plaintiff's choice of forum, the situs of the material events, the relative ease of access to sources of proof, the convenience of the parties and the convenience of witnesses." *Netzky v. Fiedler*, No. 00 C 4652, 2001 WL 521396, at *3 (N.D. Ill. May 15, 2001).

Though the plaintiff's choice of forum is ordinarily granted deference, there are situations where it is not granted great weight, such as when the forum "lacks significant relationship with the underlying dispute." *Russellville Steel Co., Inc. v. Sears, Roebuck & Co.*, No. 99 C 485, 2000 WL 91680, at *3 (N.D. Ill. Jan. 19, 2000). When such a weak relationship exists, the plaintiff's choice of forum becomes "only one of many factors the court considers." *Federated Department Stores, Inc. v. U.S. Bank National Association*, No. 00 C 6169, 2001 WL 503039, at *2 (N.D. Ill. May 11, 2001) (citation omitted). California has a far greater connection to the present dispute than does Illinois, as D'Ancona's representation of M2 was entirely centered in California. D'Ancona's choice of forum therefore is not entitled to significant weight.

California is the situs of most of the material events. It was there that D'Ancona litigated the Viacom and Manmade trademark infringement cases. D'Ancona argues that a good deal of the work on these cases was done outside of California; for example, 12 depositions were taken

-3-

in California while 17 were taken outside of that state. Only one of those depositions, however, took place in Illinois. Given these facts, this factor weighs in favor of transfer.

The location of sources of proof does not weigh in favor of transfer. M2 argues that all the documents relevant to this action are in California. M2 does not state that it cannot transport these documents to Illinois, but merely that it would be less expensive to keep them in California. The Court is satisfied that these documents can be shipped to Illinois without undue burden.

To show that the convenience of the witnesses supports a transfer, M2 must identify the key witnesses and provide information regarding their testimony. *Heller Financial, Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1293 (7th Cir. 1989). M2 plans to call Escamilla (who lives in California), as he negotiated and signed the agreement between the parties. But the other witnesses identified by M2 are necessary only to its planned counterclaims. D'Ancona, on the other hand, would need to call the lawyers involved in the Viacom and Manmade actions, all of whom live in Illinois. A transfer would be inconvenient for them.

The convenience of the parties does not strongly favor either side. M2 says that litigating in Illinois would put it at a disadvantage, as it would be more expensive than litigating in California. But transfer is not appropriate if the effect is merely to shift an inconvenience from one party to the other. *Chemical Waste Management, Inc. v. Sims*, 870 F. Supp. 870, 876 (N.D. Ill. 1994).

In assessing the interests of justice, the court considers such concerns as "ensuring speedy trials, trying related litigation together and having a judge familiar with the applicable law try the case." *Heller*, 883 F.2d at 1293. According to the most recent available statistics, the average time from filing to trial is 27 months in this District and 18 months in the Central District of California. *See* 2000 Federal Court Management Statistics, Administrative Office of the United

States Court (covering the 12-month period ending September 30, 2000). However, the time from filing to trial on this Court's own calendar is much closer to 18 months than 27.

It is conceivable that D'Ancona's claim may be governed by Illinois law. A court in California, however, would have no trouble applying Illinois law to decide a breach of contract case. *See TruServ*, 6 F. Supp. 2d at 794 (courts are often asked to decide questions based on another state's laws). Thus the interests of justice do not tilt significantly in either direction.

M2 says that it plans to file a counterclaim alleging that D'Ancona charged excessive fees and poorly supervised junior attorneys working on the cases. If we were to consider the effect of the proposed counterclaim, it might well tip the balance in terms of transfer. But M2 has not yet filed its counterclaim, saying that to do so would have meant a waiver of its venue objection. The Court is unwilling to base a transfer on a claim that has not yet been filed and that might not be filed (M2 could have filed its counterclaim as a separate action in California but has not done so). *See Boder Products, Inc. v. Novachem*, 663 F. Supp. 226, 228 (N.D. Ill. 1987).

In summary, M2 has failed to demonstrate that the proposed transferee forum is clearly more convenient. Because, however, the balance may well tip if and when M2 files its proposed counterclaim, the Court will deny the motion to transfer without prejudice.

### Conclusion

Defendant's motion to dismiss for improper venue or alternatively to transfer [Docket Items 4-1, 4-2] is denied. Defendant is directed to answer within 10 days of this order. The case is set for a status hearing on August 29, 2001 at 9:30 a.m.

August 2, 2001

MATTHEW F. KENNELLY
United States District Judge